IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STEWART WATERHOUSE, | ) | CIVIL NO. 14-00144 ACK-KSC |
|---|---|---|
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATION TO DISMISS |
| | ) | THE COMPLAINT AND DENY AS |
| CUFI CHURCH ASSOCIATION, | ) | MOOT THE APPLICATION TO |
| INC., also known as | ) | PROCEED IN FORMA PAUPERIS |
| Christians United for | ) | |
| Israel, also known as | ) | |
| CUFI; TWITTER INC.; JOHN | ) | |
| HAGEE; DAVID CERULLO; | ) | |
| JAMES MAROCCO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO
DISMISS THE COMPLAINT AND DENY AS MOOT THE
APPLICATION TO PROCEED IN FORMA PAUPERIS

On March 24, 2014, Plaintiff Stewart Waterhouse ("Plaintiff"), proceeding *pro se*, commenced the instant action and filed an Application to Proceed In Forma Pauperis ("Application").

DISCUSSION

Plaintiff requests that the Court permit him to proceed *in forma pauperis*. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit

that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."  Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).  However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); see Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).  A complaint is frivolous if "it has no arguable substance of law or fact."  Tripati, 821 F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The term frivolous "embraces not only the inarguable legal conclusion, but also the

fanciful factual allegation." Neitzke, 490 U.S. at 325.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370. Specifically, "*pro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Tripati, 821 F.2d 1370 (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)).

In the present case, even construing Plaintiff's Complaint liberally, Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal with leave to amend is appropriate because the Complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure

("FRCP"). FRCP 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(e)(1)).

FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172, 1172 (9th Cir. 1996).

FRCP 10(b) requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count." Id.

Plaintiff alleges that Defendants violated 42 U.S.C. § 1985(3) by conspiring to infringe upon the First Amendment free speech rights of Hamas, and indirectly, against him, as the English reader of

Hamas' speech content.  Plaintiff asserts that he was consequently deprived of equal protection and equal privileges and immunities.  However, Plaintiff has not recited the elements of his causes of action, nor sufficiently linked the facts to the claims within the body of the Complaint.  Instead, Plaintiff references and includes memoranda of law.  As such, Plaintiff's Complaint violates both FRCP 8 and 10.  The Court therefore recommends that the Complaint be dismissed pursuant to 28 U.S.C. § 1915.  See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327).

      Given the dismissal of the Complaint, Plaintiff's Application is moot.

      Plaintiff is granted leave to file an amended complaint by **April 25, 2014.**  Any amended complaint must comply with FRCP 8 and 10.  Plaintiff is advised that Local Rule 10.3 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with

leave of court." Local Rule 10.3. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, if Plaintiff files an amended complaint, the Complaint no longer serves any function in the case.

## CONCLUSION

In accordance with the foregoing, the Court makes the following recommendations:

1) the Complaint be DISMISSED with leave to amend;

2) Plaintiff be GRANTED until April 25, 2014, to file an amended complaint curing the deficiencies identified above;

3) Plaintiff be instructed to title his amended pleading "First Amended Complaint";

4) the IFP Application be DENIED as moot;

5) Plaintiff be directed to pay the appropriate filing fee or file another Application by April 25, 2014;

6) Plaintiff be cautioned that failure to amend the Complaint **and** pay the filing fee or file another Application will result in the

dismissal of the action; and

7) Plaintiff be cautioned that failure to timely cure the deficiencies identified above will result in the dismissal of the action.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, March 25, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 14-00144 ACK-KSC; <u>Waterhouse v. CUFI Church Association, Inc., et al.</u>; FINDINGS AND RECOMMENDATION TO DISMISS THE COMPLAINT AND DENY AS MOOT THE APPLICATION TO PROCEED IN FORMA PAUPERIS