IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| STEWART WATERHOUSE, | ) | Civ. No. 14-00144 SOM-KSC |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; |
| vs. | ) ) | ORDER DENYING AS MOOT APPLICATION TO PROCEED *IN* |
| CUFI CHURCH ASSOCIATION INC., also known as Christians United for Israel, also known as CUFI; TWITTER INC.; JOHN HAGEE; DAVID CERULLO; JAMES MAROCCO, | ) ) ) ) ) ) ) ) | *FORMA PAUPERIS* |
| Defendants. | ) ) | |

**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.      INTRODUCTION AND BACKGROUND.**

On March 24, 2014, *pro se* Plaintiff Stewart Waterhouse filed a Complaint against CUFI Church Association, Inc., Twitter, Inc., John Hagee, David Cerullo, and James Marocco (collectively, "Defendants"), and filed an Application to Proceed *in Forma Pauperis* ("Application"). See ECF Nos. 1 & 3. On March 25, 2014, Magistrate Judge Kevin S.C. Chang issued his Findings and Recommendations ("F&R"). The F&R recommended that this court dismiss the Complaint and deny as moot Waterhouse's Application. See ECF No. 4. On April 11, 2014, the court adopted Magistrate Judge Chang's F&R dismissing Waterhouse's Complaint and denying as moot his Application. See generally ECF No. 6.

On April 17, 2014, Waterhouse filed a First Amended Complaint.  See ECF No. 9.  Waterhouse alleges, pursuant to 42 U.S.C. § 1985(3) and the First Amendment, that Defendants conspired and deprived "a class of persons, Gaza Palestinians, specifically Hamas, and indirectly the English reader, including that of Plaintiff Waterhouse, the Right of Free Speech," when Twitter "suspended the English language social media account @alqassambrigade, an account that Waterhouse had previously, over a year 'followed[.]'"  See id. at 3-4, ¶¶ 105 & 108.  Waterhouse also alleges, "CUFI has failed to register as a foreign agent for Israel, as required by the Foreign Agents Registration Act (22 U.S.C. § 611 et seq)."  Id. at 4, ¶ 110.  Waterhouse finally alleges, "In pressuring Twitter to Ban Hamas, CUFI's Campaign form wrongly cited 18 U.S.C. § 2339(a) as prohibiting Hamas from having a Twitter account."  Id. at 5, ¶ 113.  He adds, "This wrongful misrepresentation or unconstitutional application of the law, played a role in causing Twitter to ban the Hamas speech content."  Id. at 6, ¶ 118.

Because the Amended Complaint fails to allege any viable claim, the court dismisses it with leave to amend and denies the Application as moot.

**II.      STANDARD OF REVIEW.**

The court may allow a plaintiff to file an action in federal court without prepayment of fees if the plaintiff submits an affidavit showing that he or she is unable to pay such fees. See 28 U.S.C. § 1915(a). When a complaint is filed *in forma pauperis*, the court must dismiss it prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit. See 28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984). If the court chooses to dismiss a complaint under § 1915(e), the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that an amendment could not cure the deficiencies. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.     ANALYSIS.**

To proceed *in forma pauperis*, Waterhouse must demonstrate an inability to prepay the court fees, and his Complaint must be sufficient to survive dismissal. See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (applying *in forma pauperis* requirements to nonprisoners). Although Waterhouse does appear to be unable to prepay court fees, his Amended Complaint fails to state a claim on which may be granted. Accordingly, the court dismisses the Amended Complaint and denies the Application.

### A. Waterhouse's Application Demonstrates His Inability to Prepay Court Fees.

To establish an inability to prepay court fees, Waterhouse must submit an affidavit that establishes an inability to pay or give security for the costs and still be able to provide for himself and his dependents. See Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). Waterhouse is unemployed and receives a "miscellaneous income of about $300 per month . . . from doing webwork on the internet for various people." See ECF No. 10 at 1. Waterhouse lives "rent free" because he lives "in a tent on rural land . . . car[ing] for about 60 goats in exchange." Id. He receives food stamps and Quest Aloha Care for his basic food and health needs. Id. Waterhouse has $100.00 in cash, approximately $2800 worth of assets, and $187 in monthly expenses. Id. at 2. Waterhouse does not own any real estate, stocks, bonds, securities, other financial instruments, or anything else of significant value besides his two cars. Id. Based on the information provided by Waterhouse, Waterhouse has demonstrated an inability to prepay court fees or provide security for them. Nevertheless, the court denies the Application as moot because the court dismisses the Amended Complaint.

### B. Waterhouse's Amended Complaint Fails to State a Claim on Which Relief May Be Granted.

This court dismisses the Amended Complaint because Waterhouse fails to state a claim on which relief may be granted, but gives Waterhouse leave to file a Second Amended Complaint.

#### 1. Counts One and Three.

Although unclear, both Count One and Count Three appear to allege violations of Waterhouse's First Amendment rights under 42 U.S.C. § 1985(3), which states in relevant part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . ; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

Counts One and Three assert that Defendants conspired to have Twitter suppress Hamas's voice by suspending a Twitter account, @alqassambrigade, which Waterhouse had been following, allegedly under the guise that federal law required the suspension. Counts One and Three therefore assert that

Waterhouse's First Amendment rights are being suppressed because he is unable to receive information from the suspended Twitter account. Waterhouse claims that the reception of speech is protected by the First Amendment. See Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, 425 U.S. 748, 757 (1976) (citing Kleindienst v. Mandel, 408 U.S. 753, 762-63 (1972)).

In United Brotherhood of Carpenters and Joiners of America, Local 610 v. Scott, 463 U.S. 825 (1983), the Supreme Court examined the scope of § 1985(3) when a First Amendment freedom of association claim is the alleged deprivation of "equal privileges and immunities under the laws." The Supreme Court ultimately decided that "an alleged conspiracy to infringe First Amendment rights is not a violation of § 1985(3) unless it is proved that the state is involved in the conspiracy or that the aim of the conspiracy is to influence the activity of the state." Id. at 830.

Waterhouse must allege facts establishing the elements of a § 1985(3) violation--"(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." Id. at 829. Even

assuming Waterhouse does allege facts going to those elements, he fails to allege facts demonstrating any state involvement in the alleged First Amendment violation. As such, his § 1985(3) claims are dismissed because they fail to allege facts on which relief may be granted. See id. at 830.

### 2. Count Two.

In Count Two, Waterhouse states that, pursuant to the Foreign Agents Registration Act, CUFI failed to register as a "foreign agent for Israel . . . result[ing] in injury to Plaintiff Waterhouse in said Free Speech violation (described in Count One), by not registering CUFI avoided scrutiny and oversight that may have otherwise prevented said injury." See ECF No. 9 at 5 ¶ 110-11. The Foreign Agents Registration Act, codified in 22 U.S.C. §§ 611-21, requires any "foreign principal" to submit a "registration statement" with the Attorney General. See 22 U.S.C. § 612(a).

Even if CUFI qualifies as a "foreign principal" for purposes of the Foreign Agents Registration Act, there is no private cause of action provided for in the act such that Waterhouse could sue for a violation of it. See Comm. for a Free Namibia v. S.W. Africa People's Org., 554 F. Supp. 722, 725-26 (D.D.C. 1980) (enforcement of Foreign Agents Registration Act is left to federal government, and act does not provide private cause of action); see also Sosa v. Alvarez-Machain, 542 U.S. 692,

727 (2004) (noting that courts hesitate to recognize private cause of action when statute does not expressly authorize one). Because there is no private right of action for violations of the Foreign Agents Registration Act, Count Two is dismissed.

**IV.      CONCLUSION**

Each claim asserted in the First Amended Complaint being dismissed for the reasons set forth above, Waterhouse's Application is denied as moot.  The court, however, grants Waterhouse leave to file a Second Amended Complaint as set forth below.

No later than May 29, 2014, Waterhouse may file a Second Amended Complaint that asserts viable claims.  Any Second Amended Complaint must be complete in itself.  That is, it may not incorporate by reference Complaints or documents previously filed with the court.  Any Second Amended Complaint should clearly identify each Defendant and explain the basis for the claim(s) against each Defendant.

If Waterhouse chooses to file a Second Amended Complaint, he must pay the applicable filing fee or submit another Application.  Failure to timely file an Amended Complaint along with payment of the applicable filing fee or submission of

a new Application will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 29, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

**Waterhouse v. CUFI Church Association, Inc. et al.; Civ. No. 14-00144 SOM-KSC; ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; ORDER DENYING AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS*.**