IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STEWART WAHERHOUSE, | ) | Civ. No. 14-00144 SOM-KSC |
| | ) | |
| Plaintiff, | ) | AMENDED ORDER DISMISSING |
| | ) | SECOND AMENDED COMPLAINT; |
| vs. | ) | ORDER DENYING AS MOOT |
| | ) | APPLICATION TO PROCEED *IN* |
| CUFI CHURCH ASSOCIATION INC., | ) | *FORMA PAUPERIS* |
| also known as Christians | ) | |
| United for Israel, also known | ) | |
| as CUFI; | ) | |
| TWITTER INC.; | ) | |
| JOHN HAGEE; | ) | |
| DAVID CERULLO; | ) | |
| JAMES MAROCCO, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**AMENDED ORDER DISMISSING SECOND AMENDED COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED IN FORMA PAUPERIS**

**I.      INTRODUCTION AND BACKGROUND.**

The order is amended to correct the title of the order at the bottom of page twelve. The rest of the order remains unchanged.

On March 24, 2014, *pro se* Plaintiff Stewart Waterhouse filed a Complaint against Christians United For Israel Church Association, Inc. ("CUFI"), Twitter, Inc., John Hagee, David Cerullo, and James Marocco (collectively, "Defendants"), and filed an Application to Proceed Without Prepaying Fees or Costs ("Application"). See ECF Nos. 1, 3. On March 25, 2014, Magistrate Judge Kevin S.C. Chang issued his Findings and Recommendations ("F&R"), recommending that this court dismiss the Complaint and deny as moot Waterhouse's Application. See ECF No.

4. On April 11, 2014, the court adopted Magistrate Judge Chang's F&R, dismissing Waterhouse's Complaint and denying as moot his Application. See generally ECF No. 6.

On April 17, 2014, Waterhouse filed a First Amended Complaint. See ECF No. 9. The First Amended Complaint asserted, pursuant to 42 U.S.C. § 1985(3) and the First Amendment, that Defendants conspired against and deprived "a class of persons, Gaza Palestinians, specifically Hamas, and indirectly the English reader, including that of Plaintiff Waterhouse, the Right of Free Speech," when Twitter "suspended the English language social media account @alqassambrigade, an account that Waterhouse had previously, over a year 'followed[.]'" See id. at 3-4, ¶¶ 105, 108.

Waterhouse also alleged that "CUFI has failed to register as a foreign agent for Israel, as required by the Foreign Agents Registration Act (22 U.S.C. § 611 et seq)." Id. at 4, ¶ 110. Waterhouse finally alleged, "In pressuring Twitter to Ban Hamas, CUFI's Campaign form wrongly cited 18 U.S.C. § 2339(a) as prohibiting Hamas from having a Twitter account." Id. at 5, ¶ 113. He added that "[t]his wrongful misrepresentation or unconstitutional application of the law, played a role in causing Twitter to ban the Hamas speech content." Id. at 6, ¶ 118.

Because the First Amended Complaint failed to allege any facts upon which relief may be granted, the court dismissed it as part of its screening under 28 U.S.C. § 1915(e)(2). The court again denied the Application as moot and gave Waterhouse leave to file a Second Amended Complaint. See ECF No. 15.

On May 27, 2014, Waterhouse filed a Second Amended Complaint along with another Application. See ECF Nos. 20, 21. In his Second Amended Complaint, Waterhouse alleges that Defendants conspired to "influence the activity of the State--on Federal, State, and local government levels, by censoring opposing voices through depriving Free Speech, in order to make their attempt to influence the state more effective." Id. at 109. Waterhouse argues that Defendants aimed to influence the state by lobbying for H.R. 4009, a federal bill that, if passed, would stop institutions of higher education from receiving financial government assistance if they are "participating in a boycott of Israeli academic institutions or scholars." Protect Academic Freedom Act, H.R. 4009, 113th Cong. (2014).

The Second Amended Complaint also seeks a declaration that "18 U.S.C. § 2339 does NOT require Twitter to suspend the account @alqassambrigade." ECF No. 20 at 113.

Because the Second Amended Complaint fails to allege any facts upon which relief may be granted, the court dismisses it and denies the Application as moot.

**II.     STANDARD OF REVIEW.**

The court may allow a plaintiff to file an action in federal court without prepayment of fees if the plaintiff submits an affidavit showing that he or she is unable to pay such fees. See 28 U.S.C. § 1915(a).  When a complaint is filed *in forma pauperis*, the court must dismiss it prior to service of process if it is frivolous or malicious, fails to state a claim, or seeks monetary damages from defendants who are immune from suit.  See 28 U.S.C. § 1915(e)(2); see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984).  If the court dismisses a complaint under § 1915(e), it should give the plaintiff leave to amend with directions as to how to cure the deficiencies in the complaint, unless it is clear from the face of the complaint that no amendment could cure the deficiencies.  See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.    ANALYSIS.**

To proceed *in forma pauperis*, Waterhouse must demonstrate an inability to prepay court fees, and his Second Amended Complaint must be sufficient to survive dismissal.  See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (applying *in forma pauperis* requirements to nonprisoners).  Although Waterhouse does appear unable to prepay court fees, his Second Amended Complaint fails to state a claim upon which relief may be

granted.  Accordingly, the court dismisses the Second Amended Complaint and denies the Application.

### A. Waterhouse's Application Demonstrates His Inability to Prepay Court Fees.

To establish an inability to prepay court fees, Waterhouse must submit an affidavit that establishes an inability to pay or give security for court costs and still be able to provide for himself and his dependents.  See Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted).  Waterhouse is unemployed and receives a "miscellaneous income of about $300 per month . . . from doing webwork on the internet for various people."  See ECF No. 10 at 1.  Waterhouse lives "rent free" because he lives "in a tent on rural land . . . car[ing] for about 60 goats in exchange."  Id. He receives food stamps and Quest Aloha Care for his basic food and health needs.  Id.  Waterhouse has $187 in monthly expenses, $130.00 in cash, and approximately $2,300 worth of assets, in the form of two cars, a computer, and a camera.  Id. at 2. Waterhouse does not own any real estate, stocks, bonds, securities, other financial instruments, or anything else of significant value besides his two cars, a 1996 Toyota and a 2000 Ford.  Id.  Based on the information that Waterhouse has provided, he has demonstrated an inability to prepay court fees or provide security for them.  Nevertheless, the court denies the

Application as moot because the court dismisses the Second Amended Complaint for failure to state a viable claim.

### B. Waterhouse's Second Amended Complaint Fails to State a Claim upon Which Relief May Be Granted.

This court dismisses the Second Amended Complaint because Waterhouse fails to state a claim upon which relief may be granted.

#### 1. Claim Under 42 U.S.C. § 1985(3).

Although unclear, Waterhouse's first claim appears to allege a violation of his First Amendment rights under the deprivation clause of 42 U.S.C. § 1985(3), which states in relevant part:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

Waterhouse's claim asserts that Defendants conspired to have Twitter suppress Hamas's voice by suspending @alqassambrigade, a Twitter account that Waterhouse had been following, allegedly because federal law required the suspension. It appears he is claiming that the reception of speech is protected by the First Amendment. See Va. State Bd. of Pharm. v.

Va. Citizens Consumer Council, 425 U.S. 748, 757 (1976) (citing Kleindienst v. Mandel, 408 U.S. 753, 762-63 (1972)). Waterhouse's claim therefore asserts that his First Amendment rights are being suppressed because he is unable to receive information from this suspended Twitter account. Furthermore, Waterhouse asserts that the aim of Defendants' alleged conspiracy was to influence the activity of the government by lobbying for H.R. 4009.

In order to establish a conspiracy to deprive him of his rights, Waterhouse must allege facts establishing the elements of a § 1985(3) violation: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Bhd of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 829 (1983).

Additionally, further evidence is required to both state a claim and prove a claim for conspiracy that only involves private actors, as is the case here. In Bray v. Alexandria, 506 U.S. 263 (1993), the Supreme Court ruled that, for a plaintiff to prove a private conspiracy violating the deprivation clause of

§ 1985(3), the plaintiff must additionally show: (1) that the conspirators were acting with some sort of invidious discriminatory animus, and (2) that the conspiracy aimed to interfere with rights that are protected against intrusion by both private individuals and the government. Id. at 267 (citing Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) and Carpenters, 463 U.S. 825 (1983)) (internal quotation marks omitted). Although the requirements in Bray focused on proving a claim for conspiracy, the Ninth Circuit Court of Appeals notes that these elements apply "[t]o state a claim for conspiracy" under § 1985(3) as well. See Butler v. Elle, 281 F.3d 1014, 1028 (9th Cir. 2002) (quoting Bray, 506 U.S. at 267-68, and affirming grant of summary judgment because plaintiff "alleged no racial or otherwise class-based invidious discriminatory animus behind the defendants' conduct").

Even assuming that Waterhouse alleges facts establishing the elements of a § 1985(3) violation, he fails to assert any facts suggesting that Defendants were acting with invidiously discriminatory animus, or that the right to free speech is protected against encroachment from both private individuals and the government. Only involuntary servitude and the right of interstate travel are affirmatively protected from both private and public interference. See Bray, 506 U.S. at 278. The right to free speech under the First Amendment, on the other

8

hand, is protected only against government encroachment. See Friends of Falun Gong v. Pac. Cultural Enter., Inc., 288 F. Supp. 2d 273, 280 (E.D.N.Y. 2003). Accordingly, Waterhouse fails to allege a viable § 1985(3) claim based on a private actor conspiracy. Waterhouse's § 1985(3) claim is therefore dismissed.

### 2. Declaratory Judgment Claim Under 18 U.S.C. § 2339.

Waterhouse's second claim is a demand for a declaratory judgment. Specifically, Waterhouse requests that the court declare that "18 U.S.C. § 2339 does NOT require Twitter to suspend the account @alqassambrigade." ECF No. 20 at 113. The Second Amended Complaint fails to state a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201 (2010).

Waterhouse appears to be requesting a declaratory judgment based on the alleged violation of his First Amendment rights under § 1985(3). According to the Declaratory Judgment Act, given an appropriate pleading, any court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201 (2010). Most claims under the Declaratory Judgment Act involve "actions that are purely or primarily declaratory in nature: typically, claims in which an insurance company seeks a declaration that it has no duty to defend a third party in an underlying dispute." Snodgrass v. Provident Life & Accident Ins. Co., 147 F.3d 1163, 1166 (9th Cir. 1998).

The declaratory judgment that Waterhouse has requested does not fit the frame of a typical declaratory judgment claim. That is, Waterhouse is not asking the court to determine rights under a contract. Instead, Waterhouse is requesting a declaration against Twitter when he has no right to the relief he requests. Although Waterhouse has attempted to allege a First Amendment claim under § 1985(3), as discussed above, he has failed to do so viably because his First Amendment rights are protected only against state, not private, action, and Twitter is a private actor. Because Waterhouse has no legally protected interest under § 1985(3), Waterhouse has no legal claim for declaratory relief against Twitter based on that section. Thus, the court cannot issue the requested declaration based on the alleged violation of § 1985(3).

Even if the Declaratory Judgment Act claim is not based on § 1985(3), the declaration that Waterhouse requests would not necessarily give him the relief he seeks. Waterhouse wants Twitter to reinstate the Hamas Twitter account; it appears he believes that, if the court issues a declaratory judgment stating that Twitter did not have to suspend the account under 18 U.S.C. § 2339, then Twitter will automatically reinstate the account. However, Twitter is a private company and is, presumably, allowed to suspend accounts for any number of reasons. Accordingly, even if this court declared that Twitter was not required under federal law to have suspended the account in question, Twitter would not necessarily reinstate the account.

Because Waterhouse fails to state a claim under the Declaratory Judgment Act upon which relief may be granted, the court may decline to issue the requested declaratory judgment. This court dismisses Waterhouse's claim for declaratory judgment. See Gemtel Corp. v. Cmty Redevelopment Agency, 23 F.3d 1542, 1546 (9th Cir. 1994) ("The complaint was properly dismissed because it failed to state a claim upon which relief could be granted.").

**IV.      CONCLUSION**

The claims asserted in the Second Amended Complaint are dismissed for the reasons set forth above, and Waterhouse's Application is denied as moot.

Because Waterhouse has made multiple attempts to file viable claims, and each time his complaint has been dismissed, the court determines that granting leave to amend in the form of a Third Amended Complaint would be futile. In other words, it is clear that the deficiencies of Waterhouse's Second Amended Complaint cannot be cured by amendment. See Carrico v. City & Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011). Accordingly, leave to file a Third Amended Complaint is not given. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 27, 2014.



    /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

**Waterhouse v. CUFI Church Association, Inc. et al.; Civ. No. 14-00144 SOM-KSC; AMENDED ORDER DISMISSING SECOND AMENDED COMPLAINT; ORDER DENYING AS MOOT APPLICATION TO PROCEED *IN FORMA PAUPERIS*.**